ROBENSON, by Guardian *ad litem,* and another, Plaintiffs and Respondents, v. PRESTON, by Guardian *ad litem,* and another, Defendants and Appellants: STUPAR, Impleaded Defendant and Respondent.

STUPAR, Plaintiff and Respondent, v. SAME, Defendants and Appellants.

*February 4—March 3, 1964.*

For the appellants there was a brief by *Mittelstaed, Heide, Sheldon & Hartley* of Kenosha, and oral argument by *William A. Sheldon.*

For the respondents there was a brief by *Phillips & Richards* of Kenosha, and oral argument by *David L. Phillips.*

FAIRCHILD, J. Appellants attack only the apportionment of negligence and the award of damages for Robenson's injuries.

1. *Apportionment of negligence.* We view the testimony, where conflicting, in the light most favorable to the support of the verdict. There was evidence that Preston approached the intersection at a speed of 40 to 45 miles per hour, the applicable limit being 25, while Stupar had been driving 20 to 25 miles per hour and slowed to about 15 before he reached the intersection. Both drivers applied their brakes before the impact, Stupar leaving marks for five paces and Preston for 14. Stupar swerved to his left and the collision occurred in the northwest quadrant of the intersection. The jury properly could and did find Stupar somewhat less attentive than due care required. Notwithstanding such finding, we cannot say that it was unreasonable to attribute the lion's share of responsibility to Preston in view of his highly excessive speed.

Appellants suggest that the jury was improperly influenced in arriving at its finding on comparison of negligence as well as damages by certain testimony and questions to which objection was sustained. Most of this material had to do with the fact that several other boys were riding with Preston; that they had obtained six cans of beer; and that Preston had admitted and later denied taking a swallow of the beer.

Preston was sixteen years of age. Appellants point to no testimony which was improperly received over objection. The court sustained objections to several questions. Appellants did not move for a mistrial, and did not specify this particular matter in their motion for new trial. The opinion of the learned circuit judge, on motions after verdict, does not reflect that this matter was an issue at that stage. We do not find it a sufficient reason for ordering a new trial.

*2. Award of $7,000 damages for personal injuries.* James Robenson was nineteen years of age at the time of the accident. His head hit the windshield and his left knee hit the dashboard. He was in the hospital for ten days. He suffered a whiplash-type of injury, a mild concussion, and tenderness of the upper right arm and shoulder. All these cleared up. He also suffered a sprain of the left knee. There was expert testimony that he had torn or stretched knee ligaments and that he was permanently disabled to the extent of seven to 10 percent at the knee.

Robenson had been awarded what he called a football and academic scholarship at the University of Iowa and played football as a freshman in 1959. In the 1960 season he played in seven out of the nine varsity games. Although he testified that he had injured the left knee in preseason practice, it was bandaged by the trainer and he had no trouble with it during the games in 1960. In March, 1961, before the accident, he had dropped out of school because of family or personal problems, but these were cleared up and he intended to reenter the university in the fall. He testified that he was unable to run and perform other maneuvers necessary in order to play football. The expert testimony confirmed his inability to play. Because he was unable to play, and because this was the means by which he was able to attend school, he did not go back.

There was admittedly no attempt to prove the money value of the scholarship he could have held if able to play nor to

prove what, if any, amount he would probably have been able to earn later as a professional player. Nevertheless the evidence sufficiently showed that he had demonstrated a talent which would at the least have afforded him personal satisfaction and some degree of assistance in gaining an education, and an expectation that he might develop an ability to earn substantial returns. The accident deprived him of an opportunity to develop and exploit his talent, and we think this loss could properly be reflected in an award of damages, within reasonable limits. We conclude that such limits were not exceeded in the award of $7,000.

Appellants point to expert testimony that Robenson could have had an operation at a cost of several hundred dollars, both for the purpose of determining whether the cartilage had been injured and removing it if so, and tightening the ligaments. The doctor made it plain that the knee "may not be improved" by the operation. Appellants suggest that because Robenson did not have the operation he probably did not really intend to return to the university to play football. Whatever force this argument might have under other circumstances, appellants cannot be heard to make it here, for the testimony referred to was stricken from the record upon their motion.

*By the Court.*—Judgments affirmed.